Maria L. Winterson, Respondent, v. Harriet D. T. Wilson, Appellant, Impleaded with Another. — Order reversed, with ten dollars costs and disbursements, and motion denied.—

PER CURIAM: There is no question that the court has jurisdiction in an action brought for the relief which is sought here. Whether it would be proper in such case under any circumstances to grant the relief which was given by this order, before final judgment in the action, it is not necessary to determine. Certainly such relief cannot be granted by order unless the parties interested in the mortgage are made parties to the action, so that the rights of everybody can be determined and the lien of every party to the action be transferred to the money which is substituted for the property upon which the mortgage was given. That was not the case here. Mrs. Bullard, whose right to a certain portion of this property is alleged in the complaint, is not made a party to this action, and for that reason, without discussing any other reasons, the mortgage should not have been canceled, and it was erroneous to grant the order, which must be reversed, with ten dollars costs and disbursements. Present — Barrett, Rumsey, Patterson and Ingraham, JJ.

Antonio Amuro, Respondent, v. Emile Buchignani and Another, Appellants. — Order affirmed, with ten dollars costs and disbursements. No opinion.

Fritz C. Bischoff v. Jacob Engel. — Motion denied, with leave to renew upon the next motion day if papers are not filed, printed and served before August twentieth.

Mary Braine, Appellant, v. Julie Rosswog, Respondent.—Order affirmed, with ten dollars costs and disbursements. No opinion.

Mary Braine v. Julie Rosswog.—Motion denied.

William F. Cochran v. H. Clay Stephens.—Motion granted, with ten dollars costs.

Salvatore Cantoni v. Elsa Forster. — Motion granted.

The Commercial Bank of Chicago v. Edward S. Hand.— Motion denied.

Frank E. De Long v De Long Hook and Eye Company.— Motion granted.

Erwin Davis v. Ellen S. Cornue.— Motion granted.

William L. Evans v. Louis H. Kircher.— Motion denied.

The Esberg-Bachman Leaf Tobacco Company, Respondent, v. Abraham Worms and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Helen M. Foley v. John R. Foley.—Motion denied, but appellant must be ready at September session.

Annie Gamble, as Administratrix, v. William Lennon.—Motion denied, but papers must be served by August thirty-first.

Simon Hirshbach v. Alexander P. Ketchum — As this court as now constituted cannot hear this application, the motion must stand over to be brought on before the court at its next session on September eighth.

Henry C. Hopkins v. James F. A. Clark.—Motion denied.

Henry M. Love, as Receiver. v. John B. Sexton.— Motion granted, with ten dollars costs.

In the Matter of John Catoir v. George F. Budenbender.— The papers on this application will be filed with the clerk of this court; the motion to stand over until after the trial of the action brought by the moving party against the attorney. It may then be brought on for hearing upon these papers, together with such additional papers as shall then be served by either party.

In the Matter of the Judicial Settlement, etc., of J. Lee Humfreville, One of the Executors, etc., of Mary J. Havemeyer, Deceased, Appellant.— Order reversed and case sent back to the surrogate to hear and determine *de novo* the claim against the estate, with ten dollars costs and disbursements to the appellant. No opinion.

Leo Oppenheim v. Edward J. H. Tamsen, Sheriff.—Motion denied.

Arthur Pagnod v. Eugene J. McGrath.— Motion granted, with ten dollars costs.

The People of the State of New York v. The National Mutual Insurance Company. —Motion to dismiss appeal granted, unless the appellant Anthony print and serve his appeal papers in time to notice the appeal for the October term.

George P. Rowell v. Edward W. Lambert.— *Motion denied, with ten dollars costs.*

Charles R. Sickles v. Thomas Canary et al.— Motion denied.

Edward Sullivan v. The Union Railway Company.— Motion denied, with ten dollars costs.

Maria L. Winterson v. Maria Gardner.— Motion granted.

William Ziegler, Appellant, v. Hugh Lamb, Respondent. — Order modified so as to provide as follows: "It is ordered that plaintiff serve a verified bill of particulars upon the attorneys for the defendant within twenty days after the service of a copy of this order upon the attorneys for plaintiff, which said bill of particulars shall state specifically the items of the alleged injury to the building of the plaintiff and the amount of damage each specific item of injury thereto caused," with ten dollars costs and disbursements to abide the event.    No opinion.

FOURTH DEPARTMENT, JULY TERM, 1896.

Frederick W. Lang, Appellant, v. Joseph Wiesner, Respondent.—Order affirmed, with ten dollars costs and disbursements on the opinion of Rumsey, J., delivered at Special Term.—The following is the opinion of Rumsey, J.:

RUMSEY, J.: I can see no reason for opening this default. The plaintiff's attorney evidently did not intend to try this case at the Cir-

cuit, although he was advised time and again that the defendant would insist on trying it. He knew, on December eleventh, that the case would be likely to be reached, and that he would be obliged to try it, but he made no effort to get his witnesses, although all but one of them lived in Rochester and that one lived less than three hours' ride from there. There was no claim made at the Circuit,

where the motion was made to put the case over, that plaintiff had tried to procure his witnesses, but the only excuse given was that he wanted to move for leave to serve a supplemental complaint. He has been guilty of *laches* even in that motion, so upon the whole I am clear that to open this default would operate to reward gross *laches* and punish diligence of the defendant in preparing for trial. Motion denied, with ten dollars costs.